IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LENARD REGINALD NEWSOME, individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>ONE SOURCE TECHNOLOGY, LLC d/b/a ASURINT,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Lenard Reginald Newsome ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant One Source Technology, LLC d/b/a Asurint ("Asurint" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3.      To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4.      This not only encompasses a requirement that that information contained in a consumer report not be factually incorrect, but further that any factually correct information provided not be so misleading to its intended user that it is objectively likely to cause an adverse action against its subject.

5.      This is particularly relevant in the context of consumer reports used for the assessment of employability, as criminal record information can be a significant factor impacting potential adverse action against a consumer applicant.[1]

6.      As such, the FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

7.      Plaintiff, Lenard Reginald Newsome ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that Asurint has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully and misleadingly reported incomplete Florida juvenile criminal records that have been expunged pursuant to Florida law.

8.      Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

---

[1] *See e.g.* FIU Law, Student News, *The Disparate Impact of Criminal Background Checks as Hiring Criteria*, April 10, 2020, available at https://law.fiu.edu/2020/04/10/the-disparate-impact-of-criminal-background-checks-as-hiring-criteria/.

## PARTIES

9. Plaintiff Lenard Reginald Newsome is a natural person and resident of the State of Georgia and qualifies as a "consumer" as defined and protected by the FCRA.

10. Defendant One Source Technology, LLC d/b/a Asurint ("Asurint") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant is a California corporation doing business throughout the United States, including the State of Georgia and in this District, and has a principal place of business located at 1501 Euclid Avenue, Suite 900, Cleveland, Ohio 44115. Asurint can be served through its Registered Agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Georgia and violated Plaintiff's rights under the FCRA in the State of Georgia as alleged more fully below.

12. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### I. Florida Expungement of Juvenile Records

13. In 1994, the Florida legislature passed the Dropout Prevention Act (the "Act"), aimed at administering, developing and safeguarding Juvenile Justice in the State of Florida, noting that "the state's juvenile crime problem has ramifications far beyond the juvenile justice system and affects the health and integrity of the state's business, community, education, and family institution" and, as such, "the state's juvenile crime problem has ramifications far beyond the juvenile justice system and affects the health and integrity of the state's business, community, education, and family institution." 1994 Fla. ALS 209, 1994 Fla. Laws ch. 209, 1994.

14. Included in the Act was the creation of Florida Statutes § 943.0515, titled "Retention of criminal history records of minors." The statute provides for the record keeping of juvenile criminal histories, including providing instances in which records may be expunged by application, as well as instances in which juvenile criminal records are expunged automatically as a matter of law.

15. Relevant to this Action, § 943.0515 provides the following provisions related to automatic expungement of juvenile criminal records:

> (1)(a) "The Criminal Justice Information Program shall retain the criminal history record of a minor who is classified as a serious or habitual juvenile offender or committed to a juvenile correctional facility or juvenile prison under chapter 985 for 5 years after the date the offender reaches 21 years of age, at which time the record ***shall be expunged*** unless it meets the criteria of paragraph (2)(a) or paragraph (2)(b)." (emphasis added)

> (1)(b)(1) "If the minor is not classified as a serious or habitual juvenile offender or committed to a juvenile correctional facility or juvenile prison under chapter 985, the program shall retain the minor's criminal history record for 2 years after the date the minor reaches 19 years of age, at which time the record ***shall be expunged*** unless it meets the criteria of paragraph (2)(a) or paragraph (2)(b)." (emphasis added).

16.     In effect, § 943.0515 means that juvenile records are automatically expunged after relevant periods of time. Juveniles classified as 'serious or habitual delinquent offenders,' or who were committed to a juvenile correctional facility, automatically have their records expunged when they reach the age of 26. Juveniles not classified as 'serious or habitual offenders' have their record automatically destroyed when they turn 21.[2]

17.     In effect, this means that numerous individual's juvenile criminal conviction records from Florida have been automatically expunged by operation of law, effecting the "obliteration of a record" and allowing those individuals to pursue their employment opportunities absent concern of being left debilitated due to the past indiscretions of their youth. Fla. Stat. § 943.045(16).

**II.  Plaintiff's Experience**

18.     Sometime prior to November 10, 2023, Plaintiff applied for an employment position with Inergroup Insourcing Solutions ("Inergroup").

19.     As part of his application, Plaintiff consented that Inergroup could obtain a background consumer reporting regarding himself. Inergroup then contracted with Defendant to procure this report.

20.     On or around November 14, 2023, Plaintiff reached out to Inergroup regarding an update on his employment, as he had interviewed and completed their onboarding. Inergroup responded that Plaintiff did not qualify for the position due to the results of his background check. Inergroup indicated that the report listed a pending charge from the previous year.

21.     Plaintiff knew the asserted basis for his denial to be incorrect, and on or around November 14, 2023, he followed up with Inergroup. In this exchange, Inergroup clarified that his

---

[2] *See* Juvenile Law Center, *State Fact Sheet: Florida*, (2014), available at
https://juvenilerecords.jlc.org/juvenilerecords/documents/publications/factsheet-FL.pdf

denial was not due to a charge from the previous year, but rather due to old convictions listed on Plaintiff's background report from Defendant.

22.     When Plaintiff reviewed the report provided to his potential employer by Defendant, he was frustrated to see that Defendant was reporting multiple Florida juvenile records. Specifically, the report included:

- CASE #502008CF012542AXXXMB - PALM BEACH CIRCUIT & COUNTY, TCATS SALE OF COCAINE (FELONY), ADJUDICATED GUILTY: 11/25/2008;

- CASE #502008CF012543AXXXMB - PALM BEACH CIRCUIT & COUNTY; TCATS SALE OF COCAINE (FELONY), ADJUDICATED GUILTY: 11/25/2008;

- CASE #502008CF013226AXXXMB - PALM BEACH CIRCUIT & COUNTY; TCATS SALE OF COCAINE (FELONY), ADJUDICATED GUILTY: 11/25/2008;

- CASE #502008CF013569AXXXMB - PALM BEACH CIRCUIT & COUNTY; TCATS SALE OF COCAINE (FELONY), ADJUDICATED GUILTY: 11/25/2008;

- CASE #50-2008-CF-013570-AXXX-MB - CIRCUIT COURT - PALM BEACH; BURGLARY OF A STRUCTURE OR CONVEYANCE (FELONY); ADJUDICATED GUILTY: 11/25/2008.

23.     At the time of these offenses, as well as at the time of conviction, Plaintiff, whose date of birth is October 30, 1991, was under the age of eighteen. Accordingly, Plaintiff was adjudicated guilty and sentenced as a youthful offender and committed to the custody of the Florida

Department of Corrections as a youthful offender. Plaintiff served his sentence and subsequently has not been charged with or convicted of any criminal offences.

24.     As a result, since Plaintiff was not subject to one of the exceptions in Fla. Stat. § 943.0515(2)(a) or (b), Plaintiff's juvenile records were expunged as a matter of law on his 26th birthday, October 30, 2017.

25.     Despite this, none of the offenses listed by Defendant on Plaintiff's consumer report included any indications that 1) Plaintiff was a juvenile offender; 2) that Plaintiff had been sentenced as a youthful offender; or 3) that these cases were expunged as a matter of law pursuant to § 943.0515.

26.     Unfortunately, despite the very purpose of § 943.0515 and the Act, Defendant included these disparaging expunged records in Plaintiffs consumer report.

27.     As a result of Defendant's inaccurate and/or misleading reporting, Plaintiff was denied employment with Inergroup.

28.     Upon information and belief, Defendant has reported disparaging and misleadingly incomplete conviction information that has been expunged by operation of law under the Act and § 943.0515 for countless other individuals.

29.      Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30.      Upon information and belief, Defendant fails to have such reasonable procedures, as it fails to prevent erased/sealed/expunged records from appearing on consumer's reports, despite the FCRA prescribing that it do so.

31. Further, Defendant fails to have such reasonable procedures as it fails to include relevant public record information, including notations of youthful offender status and the expungement of such records, which is materially misleading and likely to cause an adverse effect on consumers.

32. As a direct result of Defendant's erroneous reporting, Plaintiff and the Class members have been damaged.

33. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

34. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e and 1681k of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

35. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports in its consumer reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this derogatory information has had on their ability to secure employment in direct contradiction of the purpose of the Act, in addition to the defamatory harm suffered by having records that were expunged as a matter of law disclosed to potential employers.

36. As an example, Plaintiff was denied his employment with Inergroup and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

37. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

38. The Class is defined as follows:

> **All natural persons residing in the United States on whom, from two years prior to the filing this Action and through the date of class certification, Defendant compiled and shared a consumer background report which contained criminal conviction information that had been expunged by operation of law under Fla. Stat. § 943.0515.**

39. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

40. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

41. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

42. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

- Whether the Defendant willfully and/or negligently violated the FCRA by including Florida juvenile criminal information in consumer reports which had been expunged by operation of law;

- Whether the Defendant willfully and/or negligently violated the FCRA by including Florida juvenile criminal information in consumer reports which misleadingly failed to include that these were youthful offender offenses and/or were subject to expungement as a matter of law;

- Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

- Whether Plaintiff and the Class have been injured by Defendant's conduct;

- Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

- Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

43. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

44. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

45. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

46. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

47. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of all others similarly situated.

49. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

50. Further, a report that contains factually correct information but nonetheless misleads the reader as to its meaning or implication fails to reach "maximum possible accuracy."

*See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020).

51. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent misleadingly incomplete erased/expunged/sealed information from appearing on reports.

52. However, Defendant failed to do so.

53. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report expunged Florida juvenile criminal records on Plaintiff's and the Class members' reports.

54. In the alternative, were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, including ensuring that any factually correct information was not misleading, it would not be possible for it to report expunged Florida juvenile criminal records on Plaintiff's and the Class members' reports without notating the complete record, including that these were juvenile offenses, that Plaintiff and the Class members were sentenced as youthful offenders, and that these records were expunged as a matter of law.

55. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this damaging and misleading information from being reported in the first place.

56. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

57. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR JURY TRIAL

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

i.  That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: December 22, 2023                By: */s/ Misty Oaks Paxton*
                                        Misty Oaks Paxton, Esq.
                                        THE OAKS FIRM
                                        3895 Brookgreen Pt.
                                        Decatur, GA 30034
                                        Tel: (404) 500-7861
                                        Email:attyoaks@yahoo.com

                                        Joseph Kanee, Esq. (*pro hac vice* forthcoming)
                                        MARCUS & ZELMAN, LLC
                                        4000 Ponce de Leon, Suite 470
                                        Coral Gables, FL 33137
                                        (786) 369-1122 telephone
                                        (732) 298-6256 facsimile
                                        ari@marcuszelman.com
                                        joseph@marcuszelman.com

                                        *Attorneys for Plaintiff and the proposed Class*